Susie BARNHILL, Fredi Clarke, Howard Pinder, Jr., and Howard Pinder, Sr., Appellants,

v.

UNITED STATES of America, Appellee.

No. 19397.

United States Court of Appeals Fifth Circuit.

July 6, 1962.

Wm. J. Pruitt, Miami, Fla., for appellants.

Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, BELL, Circuit Judge, and CARSWELL, District Judge.

PER CURIAM.

This appeal from denial of a Section 2255 motion to set aside judgments of conviction attack the authority of the trial judge, Honorable William C. Mathes, to preside and receive pleas of guilty and to sentence the appellants.

Judge Mathes, a District Judge from the Southern District of California, was designated by the Chief Justice of the United States "to perform the duties of District Judge and to hold a District Court in the Southern District of Florida during the period beginning August 17, 1959, and ending September 18, 1959, and for such further time as may be required to complete unfinished business."

Prior to the September 18, 1959 date, Judge Mathes entered several orders in connection with these several criminal cases. Such orders consolidated the three cases for trial, ruled on the defendants' motion for a bill of particulars, granted defendants' motion of discovery and inspection, and ruled upon motions filed for the return of seized property and for suppression of evidence. Thereafter, on September 23rd he entered an order continuing the trial of the consolidated cases to November 14, 1959. On December 15th, Judge Mathes granted certain motions to nol pros several counts as against appellants in the pending cases. Thereupon, on the same day, the appellants withdrew pleas of not guilty and entered pleas of guilty. Thereafter, following pre-sentence investigations, on December 28, 1959, Judge Mathes in open court entered judgments against the defendants and imposed the sentences here appealed from. The defendants appealed and the appeals were dismissed by the Court of Appeals. Thereafter, the appellants filed the Section 2255 motions claiming that at the time of the entry of the pleas of guilty and the judgments of conviction and the entry of the sentences, Judge Mathes was acting without authority in that his designation had expired.

It will be noted that the term of the designation continues "for such further time as may be required to complete unfinished business." The extension of time beyond September 18th is not conditioned upon Judge Mathes performing some act in connection with a particular case. It is conditioned only upon the fact that time is required to complete some of his unfinished business within the district.

The trial court in the Section 2255 hearing held as a fact that at the time the challenged orders were entered, "Judge Mathes was completing unfinished business." Appellants do not attack this finding of fact; they merely contend that their cases were not "unfinished business" by reason of the fact that they had been assigned to Judge Mathes and he had entered upon the performance of his judicial duties with respect to them prior to September 18th.

We conclude that there is no merit in appellants' contention, both because these varied cases were in the category of "unfinished business," and also because Judge Mathes' presence in the Southern District of Florida was still "required to complete [other] unfinished business."

The judgment is

Affirmed.